H. E. Jackson, Sp. J.,
delivered tbe opinion of tbe court:
Tbe defendants in error, as constables of Shelby county, having in their bands executions on several judgments against J. IT. Woodward, levied tbe same upon a certain boat- load of cord wood, containing about 200 cords, as tbe property of tbe execution debtor. Thereupon, tbe plaintiff in error, as trustee, brought tbe present action of replevin in tbe second circuit court of Sbelby county, for said cord wood, claiming title and right of possession thereto under a certain trust deed made a.nd executed to him, as trustee, by said J. M. Woodward, on the 21st day of December, 186.fi, which was duly acknowledged and'registered before tbe issuance of said executions. This-replevin suit resulted in a verdict and judgment for tbe defendants, under .the actions of tbe court belo-w, holding' that said trust deed *485 from -T. JVT. Woodward to the plaintiff, as trustee, was void upon its face, as against the creditors of the maker. The plaintiff appealed in error, and the singde question presented for our decision is, whether the circuit court erred in pronouncing said trust deed void upon its face. J. M. Woodward having 'become the purchaser of a tract of land at chancery sale for the sum of $29,390, in May, 1866, executed to A. Alston, C. & M., his two promissory notes, each for the sum of $14,695, with C. D. McLean and W. W. Trigg as his sureties, due respectively 1st December, 1866, and 1st June, 1867. And being desirous “of securing the payment of said notes, and saving his said sureties,” on the 21st December, 1866, executed the trust deed in question, by which he bargained, sold, and conveyed “unto the said Emmett Woodward (as trustee), all the stock, wagons, utensils, cord wood, crop, - houses, mules, cows, hogs, and all other personal property now upon his (the grantor’s) place, containing 1,878 acres, in Tipton county, Tennessee, about forty miles above Memphis, or that may hereafter be put upon said place, or grown there, or all cord wood to be hereafter cut as hereinafter described.” It then proceeds as follows: “How, therefore, this conveyance is made to enable the said Emmett Woodward to take charge of said place, all personal property and wood thereon, and all crops grown thereon, and bring the same to market at Memphis, Tenn., or elsewhere, as it may be most advan-tageous, and sell said cord wood and crops to the best advantage, privately or publicly, at wholesale or retail, and after paying all expenses of marketing and selling the same, apply the surplus to the payment of said notes. And the said Emmett Woodward is hereby authorized and directed to keep up said place, and continue the cutting of wood, and growing of crops, and marketing, and selling the same, apply as above, and apply as fast as possible after deducting the expense of the same, the proceeds of said wood and crops to the payment of said notes, until they are both, paid *486 out, principal and interest.” The deed contained a further provision authorizing and empowering said trustee to employ such agent or agents as may be necessary to carry out the objects of the trust, and waived the necessity of the trustee’s giving bond or making oath, as required of trustees by the laws of the state. The cord wood levied on by defendants, and replevied by plaintiffs, was a portion of the cord wood that was on the place at the execution of the trust deed. Hence, it is not material to determine what effect that clause of the deed which provided that it should cover all personal property “hereafter put upon said place or grown there, or all cord wood to be hereafter cut,” would have in protecting such future additions. We think it clear that this provision of the deed does not render it fraudulent on its face as to property in existence and embraced by the conveyance. But there are other portions and provisions of this trust deed, which, in our opinion, render it void upon its face, as against the creditors of the maker. The legal effect of the instrument is to vest the trustee with the title to all the stock, wagons, utensils, horses, corn, mules, hogs, cord wood and crop, and all other personal property then on the place, while it conferred upon said trustee powers and authority to sell only the “cord wood and crops.” The other property was not to be sold, but was to be used and employed by him in continuing to carry on the farming operations of the grantor for his profit and advantage for an indefinite period. Mach of the grantor’s property included in the deed is thus withdrawn from the reach of his general creditors without subjecting it to the payment of the debts intended to be secured by the deed. It is only available to the beneficiaries in the way of making from the debtor’s business, profits that shall be applied from time to time towards the payment of the debts, which the trustee is directed to pay. This provision for the trustee’s retention of the bulk of the property, and the continuance of the grantor’s fanning *487 operations is in no sense ancillary to the winding np of his affairs. Nor is it an arrangement intended, for the benefit of the creditors. It was said by this court, in Doyle v. Smith, 1 Cold., 20, that "property cannot be withdrawn in this manner from the operations of the law in its due course against tire consent of existing creditors. Neither can property be thus withdrawn, and held with a view to traille and the making of gain for the benefit of the debtor.”
Again, the trust deed in question not only fails to- fix any time within which the trust shall be closed, but it confers upon a trustee, who is released from giving bond and taking the oath required by law, the most unlimited discretion in carrying on the farming operations on the place, in the appointment of agents, and as to the time, place and terms of selling “cord wood and crops.” In addition to all this, the property conveyed, consisting of stock, wagons, utensils, horses, mules, cows,, hogs, etc., is described in the most general terms, with no schedules attached by which to identify the same, thus leaving it open to question and controversy as to what passed by the conveyance.
Upon the foregoing objections, apparent on the face, of said trust deed, we are of opinion that it is void. This conclusion we think fully supported by the principles decided in the following authorities: Doyle v. Smith, 1 Cold., pp. 19, 20; Overton v. Holinshade, 5 Heis., 683; Tenn. Nat’l. Bank v. Ebbert (manuscript opinion).
It follows that the judgment of the court below must be affirmed, with costs.